UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SANDRA KAY CABRERA,

    Plaintiff,                               No. C 06-3820 PJH

    v.                                         **NOTICE AND ORDER**

ARAMARK SM MANAGEMENT, INC.,

    Defendant.

_____/

        On September 21, 2006, the court held a case management conference in the instant action, at which pretrial and case management deadlines were established. Plaintiff's counsel failed to appear at the conference. Defendant's counsel refused the court's offer to issue an order to show cause and requested instead that the court simply enter a pretrial schedule, as plaintiff's counsel did participate in the meet and confer and agree to the jointly proposed schedule. The following day, the court issued a case management and pretrial order memorializing the pretrial deadlines, and specifically establishing July 11, 2007 as the last day for hearing of dispositive motions. It is clear from subsequent activity reflected on the docket, that plaintiff's counsel was aware of the court's order. In accordance with the pretrial order, defendant duly filed its motion for summary judgment on June 1, 2007, noticed for hearing on July 11, 2007. Plaintiff, however, failed to file an opposition brief, despite having had nearly nine months' notice regarding the pretrial schedule establishing the July 11th hearing date.

        *After* court staff brought plaintiff's failure to file an opposition brief to the attention of plaintiff's counsel, plaintiff's counsel submitted a brief letter that is now before the court, indicating that defendant filed its motion for summary judgment "while [counsel] was on

vacation, despite [counsel's] notice to them that [counsel] would be unavailable for that time period." The letter then requests a 30 day continuance within which to file an opposition.

Preliminarily, the court notes that, regardless whether plaintiff notified defense counsel of his unavailability during the time that plaintiff's opposition would need to be filed, it was the responsibility of plaintiff's counsel to request a continuance of his June 20, 2007 filing deadline, and to ensure that such request was ruled on by the court, prior to his departure for vacation. This was particularly true, given that plaintiff's counsel was well aware of the pretrial deadlines in effect in this case, and was therefore also aware that any continuance of the dispositive motion hearing date would require modification of the court's case management and pretrial order. Plaintiff's counsel's failure to discharge his responsibilities is, therefore, in no way excused by the notice of unavailability that he purportedly served upon defense counsel.

Moreover, the court notes that, in the notice of unavailability that plaintiff's counsel submitted along with his letter requesting a 30 day continuance, plaintiff's counsel states that he was unavailable from May 29, 2007 through June 11, 2007. However, plaintiff's opposition was not due until June 20, 2007, and plaintiff's counsel therefore had ample opportunity following his return to file an opposition brief. At the very least, he had ample opportunity to request a continuance of the filing deadline *before* the deadline had passed. Instead, plaintiff's counsel waited until June 28, 2007 to request an extension and only after he was contacted by court staff about the missed deadline.

Moving on to the substance of plaintiff's counsel's request for a 30-day continuance, the court first notes that the local rules provide two weeks within which to oppose a motion for summary judgment. Plaintiff's counsel provides no reason for a request for twice the amount of time normally allowed. More significantly, however, the court finds that good cause for the request is lacking. The request is governed by Federal Rule of Civil Procedure ("FRCP") 16, since it would require a modification of both the pretrial order issued in this case, and the court's standard practice of resolving dispositive

motions prior to pretrial preparation, which commences 75 days before trial.  See Fed. R. Civ. P. 16(b)(pursuant to FRCP 16, a party may not obtain modification of a pretrial scheduling order "except upon a showing of good cause and by leave of the district judge.").  To establish good cause, the party seeking modification must show that, despite acting diligently, it cannot reasonably meet the order's schedule.  See Fed. R. Civ. P. 16(b) advisory committee notes (1983 amendment).  This note clearly contemplates that the request for modification be made *prior* to the deadline sought to be modified.  Here, plaintiff's counsel's belated two paragraph letter nowhere sets forth any diligent or reasonable efforts made by plaintiff's counsel to meet the pretrial deadlines currently in effect, nor even addresses the impact that a 30-day continuance would have on the current pretrial schedule.  As such, the court finds that good cause is lacking and the request for a 30-day continuance is therefore DENIED.

      The hearing on defendant's dispositive motion, currently set for July 11, 2007, remains in place.  Plaintiff's counsel may appear at the hearing and be heard, if he so chooses.  However, no written submissions will be accepted by plaintiff's counsel, as all deadlines have passed.

      **IT IS SO ORDERED.**

Dated: July 2, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge