UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SANDRA KAY CABRERA,

    Plaintiff,

    v.

ARAMARK SM MANAGEMENT, INC.,

    Defendant.

_____/

No. C 06-3820 PJH

**ORDER GRANTING SUMMARY JUDGMENT**

Defendant's motion for summary judgment came on for hearing before this court on July 11, 2007. Plaintiff, Sandra Kay Cabrera ("plaintiff") appeared through counsel Raymond Burke (who entered an appearance on behalf of counsel of record, Albert Boasberg). Defendant Aramark SM Management, Inc. ("defendant") appeared through its counsel, Lindsey K. Schroeder. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion for summary judgment, for the reasons stated at the hearing, and summarized as follows.

## BACKGROUND

This is an employment discrimination case. Plaintiff is a Hispanic woman who was employed by defendant from September 17, 1992 until August 9, 2005. See First Amended Complaint for Employment Discrimination ("Amended Complaint"), at 2:5-15.

Plaintiff's amended complaint, which is remarkably brief, alleges that she was terminated "without good cause," and that the reason for her termination was "racial and ethnic discrimination in that Plaintiff is a Hispanic woman." See id. at 2:17-19. No further

details are alleged, nor is any definable cause of action alleged in the complaint. See id. Plaintiff does allege, however, that she is seeking relief in the form of back and front pay, general and punitive damages, costs, and attorney's fees. Id. at 2:27-3:10.

Plaintiff's amended complaint was filed in California state court on May 11, 2006, and served on defendant on May 23, 2006. Defendant filed an answer to the amended complaint on June 15, 2006, and subsequently removed the action to federal court on diversity grounds on June 19, 2006.

Now before the court is defendant's motion for summary judgment. The motion is unopposed, as plaintiff failed to timely file an opposition brief or in the alternative, to timely request a continuance of the summary judgment hearing.[1]

**DISCUSSION**

A.   Legal Standard

Summary judgment shall be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FRCP 56(c). Material facts are those which may affect the outcome of the case. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. Id. The court must view the facts in the light most favorable to the non-moving party and give it the benefit of all reasonable inferences to be drawn from those facts. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

---

[1] The circumstances surrounding plaintiff's failure to oppose defendant's motion are detailed by the court in its July 2, 2007 order in this case. As stated therein, although plaintiff's counsel eventually filed a belated request to continue the hearing by thirty days, counsel did so only *after* court staff brought the lack of an opposition brief to counsel's attention, and counsel furthermore failed to support the belated request with any showing of good cause. The court accordingly denied the belated request for a continuance, and ordered the hearing to continue as scheduled. The court did, however, permit plaintiff's counsel to appear at the hearing and give additional argument, if so desired.

United States District Court
For the Northern District of California

A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and of identifying those portions of the pleadings and the discovery responses that demonstrate the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the court that there is an absence of evidence to support the nonmoving party's case. Id. If the moving party meets its initial burden, the opposing party must then set forth specific facts showing that there is some genuine issue for trial in order to defeat the motion. Anderson, 477 U.S. at 250.

Where, as here, the opposing party has failed to file an opposition, a district court may grant summary judgment where the moving party's papers are themselves sufficient to support the motion and do not on their face reveal a genuine case of material fact. See United States v. Real Property at Incline Village, 47 F.3d 1511, 1520 (9th Cir. 1995), rev'd on other grounds sub nom Degen v. United States, 116 S. Ct. 1777 (1996); Henry v. Gill Indus., Inc., 983 F.2d 943, 950 (9th Cir. 1993).

B.   Defendant Aramark's Motion for Summary Judgment

In view of plaintiff's non-opposition to the instant motion, the issue before the court is whether defendant's papers and evidence are sufficient to support its motion for summary judgment and do not, on their face, reveal a genuine issue of material fact. For the reasons that follow, the court answers this question in the affirmative, and finds that summary judgment in defendant's favor is warranted with respect to plaintiff's single claim for race discrimination.

Preliminarily, the court finds that defendant has satisfied the court's concerns regarding the existence of subject matter jurisdiction over this case. As set forth in its order dated July 6, 2007, the court was initially troubled – based on its close review of the amended complaint, defendant's removal notice and the Ninth Circuit's decision in Valdez v. Allstate Ins. Co. – that defendant had failed to sufficiently establish that the amount in

1  controversy exceeds $75,000 and therefore, that diversity jurisdiction exists.[2]  See, e.g.,
2  372 F.3d 1115 (9th Cir. 2004)(finding failure to establish requisite amount in controversy
3  under similar facts); Hill v. Blind Indus. & Servs. of Maryland, 179 F.3d 754, 757 (9th
4  Cir.1999)("diversity jurisdiction is determined at the time the action commences...").
5  Defendant, however, in a response to the court's order that it submitted July 10, 2007, set
6  forth comprehensive evidence establishing that, at the time plaintiff's complaint was filed,
7  the damages expressly sought by plaintiff did, in fact, exceed the requisite $75,000 amount.
8  See, e.g., Defendant's Response to July 6, 2007 Order; Declaration of Stephen Day ISO
9  Response to July 6, 2007 Order ("Day Decl."), ¶ 3; Declaration of Melinda Reichert ISO
10 Response to July 6, 2007 Order ("Reichert Decl."), Exs. 1-10.  Specifically, the court is
11 persuaded by defendant's evidence establishing that, at the time of her termination,
12 plaintiff's salary was $5,316.67 per month.  See Day Decl., ¶ 3.  To that end, if plaintiff were
13 to prevail in her claim, the backpay damages she requests in her complaint would alone
14 total $122,283.41 – well over the amount in controversy requirement.

15      Having determined that defendant has sufficiently demonstrated the requisite
16 amount in controversy, the court concludes that defendant's initial invocation of diversity
17 jurisdiction was proper.  This leaves only the race discrimination claim to be determined by
18 the court.  Defendant argues that summary judgment on this claim should be granted
19 because plaintiff cannot meet her burden of proof in establishing the necessary prima facie
20 case.

21      To establish a prima facie case, plaintiff must show (1) that she belongs to a
22 protected class; (2) that she was performing according to defendant's legitimate
23 expectations; (3) that she suffered an adverse employment action; and (4) that other
24 employees with qualifications similar to her own were treated more favorably, or that there
25 is some other evidence of discriminatory intent.  See McDonnell Douglas Corp. v. Green,

---

[2] Defendant relies on diversity jurisdiction as its sole ground for federal subject matter jurisdiction.  See Notice of Removal of Action, ¶ 7.

4

411 U.S. 792, 802 (1973); <u>Godwin v. Hunt Wesson, Inc.</u>, 150 F.3d 1217, 1220 (9th Cir. 1998). Defendant here targets plaintiff's ability to prove both the second and fourth of these elements.

With respect to the second element, the evidence submitted by defendant demonstrates that plaintiff's performance history, beginning in 1996, was replete with deficiencies and problems, which defendant did its utmost to address. <u>See</u> Declaration of Stephen Day ("Day Decl."), Exs. E-I; Declaration of John Kendle ("Kendle Decl."), ¶¶ 2-3, 5-8, Exs. A-D; <u>see generally</u> Declaration of Chris Orvis ("Orvis Decl."); <u>id</u>. at Exs. A-C. Only after repeated failure to address her deficiencies, was plaintiff actually terminated in 2005. <u>See</u> Orvis Decl., ¶ 19. With respect to the fourth required element, defendant argues that this same evidence demonstrates that plaintiff was disciplined for and ultimately terminated due to her own performance failures, and not for other isolated reasons. Moreover, defendant notes that plaintiff was ultimately replaced in her position by another Hispanic female, and that it furthermore employs a "diverse" group of workers. <u>See</u> Orvis Decl., ¶¶ 20-21. For example, of the 28 managerial employees stationed in similar positions and locations to plaintiff, 15 are Caucasian, 9 are Hispanic, 3 are African American, and 1 is Asian. <u>See id</u>. at ¶ 21.

Plaintiff submitted no written argument or evidence of her own in opposition to this evidence, for reasons already discussed herein, and due solely to the inaction of plaintiff's counsel. Significantly, however, when given the further opportunity to oppose defendant's evidence during oral argument at the hearing on defendant's motion, plaintiff's counsel failed to submit any evidence or facts that actually contradict defendant's evidence or argument. In addressing the second element of plaintiff's prima facie claim, for example, plaintiff's counsel generally argued that the temporal duration of plaintiff's employment alone (nearly 13 years), without regard to whether the employment period was marked with instances of unsatisfactory performance, sufficiently establishes that plaintiff was performing according to defendant's legitimate expectations. Plaintiff's counsel, however,

neither named nor even hinted at evidence that would establish as much, nor did he cite to any legal authority that would support his argument. Without *any* suggestion that the length of plaintiff's employment on its own legally supports an inference of satisfactory performance, or in the alternative that evidence might exist demonstrating that the length of plaintiff's employment was due to her generally satisfactory performance, the court is not persuaded that plaintiff can either satisfy the second element of her prima facie case, or materially dispute defendant's persuasive evidence to the contrary.

Even assuming, however, that the court were to rule that the length of plaintiff's employment with defendant is sufficient to satisfy or create a material dispute of fact regarding the second element of her prima facie case, plaintiff's prima facie case would still falter. This is because, with respect to the fourth and final element of her prima facie case, plaintiff has submitted no evidence establishing that she was treated less favorably than others because of her race, nor has she submitted evidence sufficient to materially dispute defendant's evidence to the contrary. Indeed, when given the opportunity to do so orally at the hearing, plaintiff's counsel could only state that, according to certain Google searches he conducted over the preceding weekend, he apparently could not discover whether defendant is a "diverse" company or not. This argument, however, is largely nonsensical, and wholly unconnected to any question of import before the court. Accordingly, and in the face of defendant's evidence establishing *lack* of discriminatory intent or treatment, see Orvis Decl., ¶¶ 20-21, plaintiff's prima facie case fails upon consideration of the fourth required element.

In short, plaintiff's bare and conclusory complaint allegations are not supported with a single iota of evidence, and ultimately give way in the face of defendant's contrary, and convincing, evidence. Indeed, plaintiff has failed, at every opportunity, to submit any evidence whatsoever that would discharge plaintiff's burden in demonstrating a genuine issue of material fact as to defendant's evidence in support of summary judgment. To that end, the court has no choice but to conclude that plaintiff's claim for race discrimination

6

fails.

      C.    Conclusion

For all the above reasons, defendant's motion for summary judgment is hereby GRANTED.

**IT IS SO ORDERED.**

Dated: July 13, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge

7